```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION AT LEXINGTON
```

RAS MUBARAK MUHAMMAD,           |
                                |
    Plaintiff,                  |    No. 5:10-CV-00299-JMH
                                |
v.                              |
                                |    **MEMORANDUM OPINION AND ORDER**
DEBORAH A. HICKEY, *et al.*,    |
                                |
    Defendants.                 |

                    *****   *****   *****   *****

Plaintiff Ras Mubarak Muhammad, confined in the Federal Medical Center located in Lexington, Kentucky, (FMC-Lexington) has filed a *pro se* Complaint asserting claims under 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). R. 2.[1] The named defendants are Deborah A. Hickey, Warden of FMC-Lexington, and Maria F. Marrero, physician at FMC-Lexington. By separate Order, Muhammad has been granted pauper status in this case.

The Court screens the Complaint pursuant to 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[2]

---

[1] The Clerk of the Court has docketed this action as falling under 42 U.S.C. § 1983, which provides a federal cause of action against persons acting under color of state law who deprive a plaintiff of his or her federal rights. As Muhammad asserts constitutional claims against various *federal* officials, not persons alleged to be acting under color of state law, this action falls under 28 U.S.C. § 1331 and *Bivens*, not 42 U.S. C § 1983. The Clerk of the Court will be directed to change the classification of this proceeding in the CM/ECF cover sheet.

[2] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.

For the reasons set forth below, Muhammad's Complaint will be dismissed without prejudice.

**ALLEGATIONS AND RELIEF REQUESTED**

Muhammad alleges that in August 2010, Dr. Maria Marrero denied him insulin medication needed to treat his Type I Diabetes condition; that his blood sugar levels dropped to dangerous levels; and that he suffered serious adverse consequences as a result of the denial of medication. Muhammad alleges that Dr. Marrero was deliberately indifferent to his serious medical condition in violation of the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment. Muhammad sought $10,000.00 in damages and an Order prohibiting such conduct in the future.

Section IV (A) of the Complaint Form required Muhammad to specify what efforts, if any, he undertook to exhaust his claims through the Bureau of Prisons (BOP) administrative remedy procedure.³ Muhammad checked the box indicating that he had **not**

---

2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

³ The four-tiered administrative remedy scheme available to inmates who have any complaints about any aspect of their confinement in BOP institutions is set out in its Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-542.19. Section 542.13(a) demands that an inmate first informally present his complaint to the staff by filing a BP-8, thereby providing them with an opportunity to correct the problem, before

2

filed a grievance regarding the facts of his Complaint as required by BOP regulations.  *See* R. 1, p. 4.

**DISCUSSION**

This action will be dismissed without prejudice because it is clear from Section IV (A) of the Complaint that Muhammad failed to exhaust his Eighth Amendment medical claims prior to filing this action.  The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires state and federal prisoners to exhaust all available administrative remedies before bringing an action with respect to prison conditions under federal law.

The Supreme Court of the United States has twice held that the statute means precisely what it says.  *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 525 (2002). Additionally, in *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that exhaustion of administrative remedies must be done

---

filing a request for an administrative remedy.  If the inmate cannot informally resolve his complaint, then he may initiate the formal remedy process by filing a written request (a BP-229 form, formerly a BP-9) to the Warden.

If the inmate is not satisfied with the Warden's response, then he has 20 days from the date of the Warden's response in which to appeal (BP-230, formerly BP-10) to the Regional Director for the geographical region in which the inmate's place of confinement is located; for federal prisoners in the Eastern District to Kentucky, the appeal goes to the Mid Atlantic Regional Office of the BOP in Annapolis Junction, Maryland.  If the prisoner is not satisfied with the Regional Director's response, within 30 days after the date of the Regional Director's response, he may appeal to the Office of General Counsel of the BOP, (BP-231, formerly BP-11).  *See* § 542.15 (a) - (b).

"properly," which means going through all steps that the agency holds out, obeying all directions, and adhering to all deadlines set by the administrative rules. *Id*. at 90.

Muhammad admitted in his Complaint Form he had not begun the BOP administrative remedy process prior to filing this action. When the affirmative defense of failure to exhaust appears on the face of the complaint, a district court can dismiss it *sua sponte* on the ground that it fails to state a claim. *Jones v. Bock*, 549 U .S. 199, 214-15 (2007); 28 U.S.C. § 1915A(b)(1)); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (holding that a case governed by the PLRA can be dismissed *sua sponte* for failure to state a claim, predicated on failure to exhaust, if the complaint itself showed that the prisoner failed to exhaust his administrative remedies).

This Court, and other district courts in this circuit, have held that in light of *Jones*, *sua sponte* dismissal of a complaint is warranted where failure to exhaust is apparent from the face of the complaint. *Walker v. Baker*, No. 6:10-CV- 68-ART (E.D. Ky.) [R. 9 & 10, June 24, 2010]; *Smith v. Lief*, No. 5:10-00008-JMH, 2010 WL 411134 at *4 (E.D. Ky. January 27, 2010); *Gunn v. Kentucky Depart. Of Corrections*, No. 07-103, 2008 WL 2002259, * 4 (W.D. Ky. May 7, 2008); *Deruyscher v. Michigan Dept. of Corrections Health*, No. 06-15260-BC, 2007 WL 1452929, at *3 (E.D. Mich. May 17, 2007).

4

As Muhammad short-circuited the BOP's exhaustion process when he filed this action, his Complaint is premature and will be dismissed without prejudice to him filing another Complaint after he has fully completed the BOP administrative remedy process.[4]

**CONCLUSION**

Accordingly, **IT IS ORDERED** as follows:

(1) The Clerk of the Court is directed to modify the CM/ECF cover sheet to reflect that this proceeding falls under 28 U.S.C. § 1331, not 42 U.S.C. § 1983;

(2) This action is **DISMISSED WITHOUT PREJUDICE.**

(3) This action is **STRICKEN** from the Court's docket.

(4) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This 11th day of March, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

---

[4] If Muhammad files a new action after exhausting his claims, and if that Complaint is based on the same facts he asserted in this action, he will be eligible for a waiver of the $ 350.00 filing fee pursuant to *Owens v. Keeling*, 461 F.3d 763, 776-77 (6th Cir. 2006) (holding that prisoner should not have to pay a second filing fee for refiling his complaint after it was initially dismissed without prejudice for failure to exhaust).